Retyped
2-8-56

February 8, 1939

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Mr. Giles:

Opinion No. O-176
Re: Disposition of Funds Re-
ceived from Mineral De-
velopment of River Beds

This acknowledges receipt of and is in reply
to your letter of February 1, 1939, in which you request
an opinion as to the proper and legal disposition to be
made of the funds received in the General Land Office
from the development of river bed areas in Texas through
the Board of Mineral Development.

It is our opinion that all income received from
the mineral development of river beds in this State has
been dedicated to the Permanent School Fund of Texas by
the provisions of Section 2 of the act approved May 4,
1935, Chapter 140, page 378, Acts of the 44th Legislature,
Regular Session, and that any such income received in the
General Land Office from and after May 4, 1935, should
be deposited to the credit of the Permanent School Fund
of Texas.

It is our opinion that the disposition of funds
received from the mineral development of river beds is
properly governed by Section 2 of the act approved May 4,
1935, and not by Section 8 of the amendment to the appro-
priation act which appears in Chapter 22, page 1785, of
the General and Special Laws of the First Called Session
of the 45th Legislature.

Section 5 of Article 7 of the Constitution of
Texas in part provides as follows:

"No law shall ever be enacted appropriating
any part of the permanent or available school fund
to any other purpose whatever;"

Section 35 of Article 3 of the Constitution of
Texas provides as follows:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for andon account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

By the Act approved May 4, 1935, the legislature provides in Section 2 thereof as follows:

"All income from the mineral development of river beds in the State of Texas is hereby dedicated to the Permanent School Fund of Texas, and from and after the effective date of this Act all of such mineral income from said river beds shall be permanently deposited to the credit of the Permanent School Fund of Texas."

By the amendment to the Appropriation Act, Chapter 22, page 1785, General and Special Laws of the First Called Session of the 45th Legislature, the Legislature apparently attempted to change the disposition to be made of income from mineral development of river beds; however, upon examining the caption of the Appropriation Act in question, we find no mention in such caption of what is contained in the body of the bill with respect to the attempted change in the disposition of such income, nor do we find in such Act any repealing clause which repeals any prior laws in conflict therewith. With respect to the effect of Section 8 of the Appropriation Act referred to we agree with the statement made by the court in Conley et al vs. Daughters of the Republic of Texas, 151 S. W. 877, (Reversed on other points in 156 S. W. 197), where it says:

"Still such an Act (a repealing act) would not be a subject or account for and on which moneys are appropriated, and should be expressed in the title. It was never contemplated that an act should be repealed by an item in an appropriation bill '***'.

In view of the Constitutional provisions and the other authorities referred to in this opinion, you are accordingly advised that in our opinion any funds received in your office from the mineral development of river beds

in Texas should be deposited to the credit of the Permanent School Fund of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert E. Kepke*

Assistant

REK:IM

APPROVED:

ATTORNEY GENERAL OF TEXAS